IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
                                  )
          Plaintiff               )
                                  )
     -VS-                         )   Criminal No. 15-10076-ADB
                                  )
WILLIAM FACTEAU and               )
PATRICK FABIAN,                   )
                                  )
          Defendants              )

**JURY INSTRUCTIONS PART I**
**July 13, 2016**

BEFORE THE HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

United States District Court
1 Courthouse Way, Courtroom 17
Boston, Massachusetts  02210

KELLY MORTELLITE, RMR, CRR
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 5200
Boston, MA  02210

```
 1   A P P E A R A N C E S:

 2       SARA MIRON BLOOM, ESQ., WILLIAM D. WEINREB, ESQ., and
     PATRICK M. CALLAHAN, ESQ., Assistant United States Attorneys,
 3   Office of the United States Attorney, 1 Courthouse Way,
     Room 9200, Boston, Massachusetts, 02210, for the Plaintiff.
 4
         RAQUEL TOLEDO, ESQ., United States Department of Justice,
 5   450 Fifth Street, NW, Washington, D.C., 20001, for the
     Plaintiff.
 6
         LEO CUNNINGHAM, ESQ., Wilson Sonsini Goodrich & Rosati, PC,
 7   650 Page Mill Road, Palo Alto, California, 94304, for Defendant
     William Facteau.
 8
         REID H. WEINGARTEN, ESQ., WILLIAM T. HASSLER, ESQ.,
 9   JESSICA L. URBAN, and SHAWN P. DAVISSON, ESQ.,
     Steptoe & Johnson, LLP, 1330 Connecticut Avenue, NW,
10   Washington, D.C., 20036, for Defendant William Facteau.

11       MICHAEL J. PINEAULT, ESQ., Clements & Pineault, LLP,
     24 Federal Street, Boston, Massachusetts, 02110, for
12   Defendant William Facteau.

13       FRANK A. LIBBY, JR., ESQ., KRISTEN A. KEARNEY, ESQ.,
     DANIEL C. LAPENTA, ESQ., and BRIAN J. SULLIVAN, ESQ.,
14   LibbyHoopes, P.C., 399 Boylston Street, Suite 200, Boston,
     Massachusetts, 02116, for Defendant Patrick Fabian.
15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

\* \* \* \* \* \* \* \* \*

THE COURT: So everybody has now rested. The presentation of evidence is over. We have closing arguments left. We're splitting them up over two days. You have two long days coming up, but critically important days from the perspective of the government and the defendants. Although the closing arguments are not evidence, it's their last opportunity to address you, and it's important to them.

So in an effort both to make your days a little bit shorter and to make sure you are completely fresh when you're hearing their closing arguments, I'm going to start my closing instructions now. And that really is the idea of it, is to give you some information now but to let you start fresh with closing arguments tomorrow rather than listening to me. My closing instructions come in two parts. They're sort of general instructions, which I'm going to give you now, and then there's the actual law on the specific charges in the indictment that I would give you at the end of the closing arguments.

So I'm going to do that now. You will have a written copy of these instructions in the jury room with you. We'll make enough copies for all of you. Sort of the quid pro quo on that, because I'm giving you a written copy, I have to basically read it to make sure that what I give you in the jury

```
 1   room and what I deliver to you in the courtroom is the same.
 2   So I'm going to start that now.  Then you'll be released for
 3   the day.  Our plan is to start at 10:00 tomorrow morning and at
 4   9:00 on Friday morning.  Those times are in many ways designed
 5   so there's no interruptions during the closings.  The closings
 6   won't be interrupted by a lunch break or anything like that.
 7   There may be a break in between closings, but you'll basically
 8   hear each closing as a single unit.  So 10:00 tomorrow and 9:00
 9   on Friday.
10              My preliminary instructions.  It is your duty as
11   jurors to find the facts from the evidence admitted in this
12   case.  You will then apply the law as I give it to you to the
13   facts as you find them.  You must follow the law as I explain
14   it to you, whether you agree with that law or not.  Regardless
15   of any opinion you may have as to what the law should be, it
16   would violate your sworn duty as a juror in this case to base a
17   verdict on any view of the law other than that given in my
18   instructions.  You must decide the case solely on the evidence
19   before you and according to the law.
20              Counsel and witnesses may have quite properly referred
21   to some of the applicable rules of law in the course of trial.
22   There has been evidence as to what witnesses and other persons
23   communicated about the law and its requirements.  If however
24   any difference appears to you between the law as stated by
25   counsel or witnesses or otherwise reflected in the exhibits and
```

(02:57 at line 10, 02:58 at line 20)

1  the law as stated by the Court, you are to be governed by the
2  instructions given to you by the Court.
3      In following my instructions you must follow all of
4  them and not single out some and ignore others.  They are all
5  important.
6      You must not interpret these instruction or anything I
7  may have said or done as a suggestion by me as to what verdict
8  you should return.  That is a matter entirely for you to
9  decide.
10     Every person accused of a crime is presumed to be
11 innocent unless and until his guilt is proved beyond a
12 reasonable doubt.  The presumption is not a mere formality.  It
13 is a fundamental principle of our system of justice.
14     The presumption of innocence means the burden of proof
15 is always on the government to prove that a defendant is guilty
16 of the crimes with which he is charged beyond a reasonable
17 doubt.
18     This burden never shifts to the defendant.  It is
19 always the government's burden to prove each of the elements of
20 the crimes charged beyond a reasonable doubt.  A defendant does
21 not have to prove that he is innocent or even present any
22 evidence.
23     The presumption of innocence alone may be sufficient
24 to raise a reasonable doubt and to require the acquittal of the
25 defendant.  You may not convict a defendant of any crime

```
 1   charged against him if the government fails or is unable to
 2   prove every element of that crime beyond a reasonable doubt.
 3           A reasonable doubt is a doubt that a reasonable person
 4   has after carefully weighing all of the evidence.  It is a
 5   doubt that would cause a reasonable person to hesitate to act
 6   in a matter of importance in his or her personal life.  Proof
 7   beyond a reasonable doubt must, therefore, be proof of a
 8   convincing character that a reasonable person would not
 9   hesitate to rely upon in making an important decision.  A
10   reasonable doubt may arise not only from the evidence produced,
11   by also from a lack of evidence.  Reasonable doubt exists when,
12   after weighing and considering all the evidence, using reason
13   and common sense, the jurors cannot say that they have a
14   settled conviction of the truth of the charge.
15           You may not convict a defendant based on speculation
16   or conjecture.
17           You may not convict a defendant if you decide that it
18   is equally likely that he is guilty or not guilty.  If you
19   decide that the evidence would reasonably permit either of two
20   conclusions, either that he is guilty of charged, or that he is
21   not guilty, you must find the defendant not guilty.
22           You may not convict a defendant if you decide it is
23   only probable, or even strongly probably, that he is guilty.  A
24   mere probability of guilt is not guilt beyond a reasonable
25   doubt.
```

           1              The law does not require that the government prove
           2   guilt beyond all possible doubt; proof beyond a reasonable
           3   doubt is sufficient to convict.  There are very few things in
           4   this world that we know with absolute certainty, and in
           5   criminal cases the law does not require proof that overcomes
           6   every possible doubt.
           7              Again, a defendant is presumed to be innocent, and the
           8   government bears the burden of proving him guilty beyond a
           9   reasonable doubt.  If, after fair and impartial consideration
  03:01 10   of all of the evidence, you have a reasonable doubt as to a
          11   defendant's guilt, it is your duty to acquit him.  On the other
          12   hand, if after fair and impartial consideration of all the
          13   evidence, you are satisfied beyond a reasonable doubt as to his
          14   guilt, you should vote to convict him.
          15              Like all defendants, the defendants in this case have
          16   a constitutional right not to testify.  No inference of guilt,
          17   or of anything else, may be drawn from the fact that a
          18   defendant did not testify, nor may the fact that he did not
          19   testify be discussed or be considered by you in any way in
  03:01 20   arriving at your verdict.
          21              Your verdict must be based solely on evidence.  It
          22   would be improper for you to base your verdict on anything that
          23   is not evidence.
          24              You may not base your verdict on any personal
          25   feelings, prejudices, or sympathies you may have about either

1    defendant or about the nature of the crimes with which they are
2    charged.
3         You may not consider or be influenced by any possible
4    punishment that may be imposed on a defendant.
5         Again, your verdict must be based solely on the
6    evidence and according to the law.
7         The evidence in this case consists of the sworn
8    testimony of witnesses, both on direct and cross-examination;
9    the exhibits that have been received into evidence; and any
10   facts to which the parties have agreed or stipulated.  You
11   should consider all of the evidence, no matter what form it
12   takes, and no matter which party introduced it.
13        Whether the government has sustained its burden of
14   proof does not depend upon the number of witnesses it has
15   called or upon the number of exhibits it has offered, but
16   instead the nature and quality of the evidence presented.
17        Certain things are not evidence.
18        (1)  Arguments and statements by layers are not
19   evidence.  The lawyers are not witnesses.  What they said in
20   the opening statements, or what they will say in their closing
21   arguments, and at other times is intended to help you interpret
22   the evidence but it is not evidence.  If the facts as you
23   remember them from the evidence differ from the way the lawyers
24   have stated them, your memory of the facts should control.
25        (2)  Questions by lawyers standing alone are not

evidence.  Again, the lawyers are not witnesses.  The question and the answer taken together are the evidence.

(3)  Objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question or an exhibit is improper under the rules of evidence.  You should not be influenced by any objection or by my ruling on it, and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4)  Anything that I have struck or instructed you to disregard is not evidence.

(5)  The indictment is not evidence.

(6)  Anything you may have seen or heard when court was not in session is not evidence.  You must decide the case solely on the evidence received at trial.

Evidence may take the form of either "direct evidence" or "circumstantial evidence."  "Direct evidence" is direct proof of a fact, such as testimony from an eyewitness that the witness saw something.  "Circumstantial evidence" is indirect evidence; that is, proof of a fact (or facts) from which you could draw a reasonable inference that another fact exists, even though it has not been proved directly.

A quick example.  I see my kids with their hand in the cookie jar.  That is direct evidence that they are about to take and eat a cookie.  If I see them later, I have not seen them anywhere near the cookie jar, but I see their face covered

1    in chocolate and all the cookies are missing, that is

2    circumstantial evidence that they did the same thing.

3        You are entitled to consider both direct and

4    circumstantial evidence.  The law permits you to give equal

5    weight to both.  It is for you to decide how much weight to

6    give to any particular piece of evidence, whether direct or

7    circumstantial.

8        Although you may consider only the evidence presented

9    in the case, you are not limited to the plain statements made

03:04 10    by witnesses or contained in the documents.  In other words,

11    you are not limited solely to what you saw and heard as the

12    witnesses testified.

13        You are permitted to draw reasonable inferences from

14    the facts, if you believe those inferences are justified in

15    light of common sense and personal experience.  An inference is

16    simply a deduction or conclusion that may be drawn from the

17    facts that have been established.  Any inferences you draw must

18    be reasonable, and based on the facts as you find them.

19    Inferences may not be based on speculation or conjecture.

03:05 20        A particular item of evidence was sometimes received

21    for a limited purpose only.  That is -- and I instructed you --

22    it can be used by you only for one particular purpose, and not

23    for any other purpose.  I told you when that occurred and

24    instructed you on the purposes for which the item can and

25    cannot be used.

1          You do not have to accept the testimony of any witness
2     if you find that the witness is not credible.  You must decide
3     which witnesses to believe, considering all the evidence and
4     drawing upon your common sense and personal experience.  You
5     may believe all of the testimony of a witness, or some of it,
6     or none of it.  You alone are the judges of the witnesses's
7     credibility.
8          In deciding whether to believe the testimony of the
9     witnesses, you may want to take into consideration such facts
03:05 10  as their conduct and demeanor while testifying; any apparent
11    fairness or unfairness they may have displayed; any interest
12    they may have in the outcome of the case; any prejudice or bias
13    they may have shown; their opportunities for seeing and knowing
14    the things about which they have testified; the reasonableness
15    or unreasonableness of the events that they have related to you
16    in their testimony; and any other evidence that tends to
17    support or contradict their versions of the events.
18         The testimony of a witness may be discredited or
19    impeached by showing that he or she made statements that are
03:06 20  inconsistent with his or her present testimony.  If a witness
21    made inconsistent statements about any significant matter, you
22    have the right to distrust the testimony of that witness in
23    other respects.  You may reject all of the testimony of that
24    witness or give it such credibility as you may think it
25    deserves.

1          Sometimes, of course, people make innocent mistakes,
2    particularly as to unimportant details; not every contradiction
3    or inconsistency is necessarily important.  Again, you alone
4    are the judges of the witnesses' credibility.
5          You have heard the testimony of witnesses who
6    testified under grants of immunity, and you've seen their
7    immunity agreements.
8          "Immunity" means that a witness's testimony may not be
9    used against him or her in any later criminal proceeding.
10   However, if the witness testifies untruthfully, he or she could
11   be prosecuted for perjury or making a false statement, even
12   though he or she was testifying under a grant of immunity.
13         Some people in this position are entirely truthful
14   when testifying.  Still, you should consider the testimony of
15   immunized witnesses with particular care and caution.  They may
16   have had reason to make up stories or exaggerate what others
17   did because they wanted to help themselves.  You must determine
18   whether the testimony of such a witness has been affected by
19   any interest in the outcome of this case, any prejudice for or
20   against the defendants, or by any of the benefits he or she has
21   received from the government as a result of being immunized
22   from prosecution.
23         As with any witness, it is for you to decide whether
24   to accept the testimony of any witness, and what weight, if
25   any, to give that testimony.

1          As I indicated at the beginning of the trial, you have
2     been permitted to take notes, but some cautions apply.  You
3     should bear in mind that not everything that is written down is
4     necessarily what was said.  When you return to the jury room to
5     discuss the case, do not assume simply because something
6     appears in somebody's notes that it necessarily took place in
7     court.  Notes are an aid to recollection, nothing more; the
8     fact that something is written down does not mean that it is
9     necessarily accurate.
03:08 10          The numbers assigned to the exhibits are for
11    convenience and in order to ensure an orderly procedure.  You
12    should draw no inference from a fact that a particular exhibit
13    was assigned a particular number, or that there may be gaps in
14    the number sequence.
15         This case, like many criminal cases, began with an
16    indictment.  You will have -- well, the indictment is not
17    evidence or proof of guilt.  The indictment is simply an
18    accusation.  It is the means by which defendants are charged
19    with crimes and brought before this court.
03:08 20         An indictment may allege more than one charge against
21    more than one defendant.  When it does, the different charges
22    are stated separately in what we call counts.  The indictment
23    in this case has fourteen counts.
24         The defendants are not on trial for any act or any
25    conduct not specifically charged in the indictment.

1           There are two defendants on trial before you.  You
2    must, as a matter of law, consider each count of the indictment
3    and each defendant's involvement in that count separately, and
4    you must return a separate verdict on each defendant for each
5    count in which he is charged.  In reaching your verdict, bear
6    in mind that guilt is personal and individual.  Your verdict of
7    guilty or not guilty must be based solely upon the evidence
8    about each defendant.  The case against each defendant, on each
9    count, stands or falls upon the proof or lack of proof against
10   that defendant alone, and your verdict as to any defendant on
11   any count should not control your decision as to the other
12   defendant.
13          Similarly, the defendants are charged in multiple
14   counts of the indictment.  You must consider each count
15   separately, and you must return a separate verdict as to each
16   count.  Your verdict as to each count must be determined solely
17   on the evidence, or lack of evidence, presented against each
18   defendant on that count.
19          Finally, your verdict must be unanimous in order to
20   convict either defendant as to any count.  In other words, all
21   of you must agree that a defendant is guilty as to a particular
22   count in order to convict that defendant as to that count.
23          And that concludes the portion of the instructions
24   that you're going to hear today.  The parties are allowed an
25   opportunity to comment on my instructions.

```
 1              Does anybody want to be heard on what I've said so
 2    far?
 3              MS. BLOOM:  No, Your Honor.
 4              MR. PINEAULT:  No, Your Honor.
 5              MS. KEARNEY:  No, Your Honor.
 6              THE COURT:  Okay.  So that is it for the day.  You are
 7    at a place in the case where it is critically, critically
 8    important that you keep an open mind until you're all together
 9    deliberating in that jury room together.  It's important that
10    none of you start to set your views in stone until you hear my
11    instructions, you hear their closings arguments and you hear
12    what your fellow jurors have to say.  I know it gets
13    increasingly tempting as you hear more and more of the evidence
14    to let your views solidify, but you must keep an open mind and
15    not make any conclusions before everything has been presented
16    to you, which is now the instructions and the closing
17    arguments.
18              Again, don't talk to anybody about the case.  You know
19    a lot about the evidence in this case, and you may be even more
20    susceptible than at earlier parts of the case to have other
21    people's opinions of what you've heard have an impact on you.
22    That must also be avoided.  You now know what the evidence is,
23    and maybe there's that one burning question that you wish
24    someone had answered but they haven't, and to the extent that
25    you are particularly tempted now to go look up that fact, you
```

1  must not.

2         As I've told you in these instructions, your verdict
3  has to be based just on the evidence in this case, and you
4  don't want to pollute that presentation of the evidence by
5  letting extraneous things come in.  So in the next couple of
6  days the case will be yours.  You won't have to keep an open
7  mind.  You will be free to discuss it with each other and
8  shortly other people if you want to.  But for the time being,
9  please, please, please adhere to my instructions.  They are
10 very important.  And I will see you all at 10:00 tomorrow
11 morning for closing arguments.
12 (Jury exits, 3:11 p.m.)

```
 1
 2                  CERTIFICATE OF OFFICIAL REPORTER
 3
 4            I, Kelly Mortellite, Registered Merit Reporter
 5   and Certified Realtime Reporter, in and for the United States
 6   District Court for the District of Massachusetts, do hereby
 7   certify that pursuant to Section 753, Title 28, United States
 8   Code that the foregoing is a true and correct transcript of the
 9   stenographically reported proceedings held in the
10   above-entitled matter and that the transcript page format is in
11   conformance with the regulations of the Judicial Conference of
12   the United States.
13                     Dated this 20th day of July, 2016.
14
15                     /s/ Kelly Mortellite
16                     _____
17                     Kelly Mortellite, RMR, CRR
18                     Official Court Reporter
19
20
21
22
23
24
25
```